JOSEPH C. NELSON, APPELLEE, V. NATIONAL AUTOMOBILE INSURANCE COMPANY, APPELLANT.

FILED MAY 23, 1925.   No. 23193.

1. **Evidence** examined, and *held* sufficient to support the verdict.
2. **Insurance: LOSS BY THEFT: EVIDENCE.** Evidence examined and outlined in the opinion, *held* sufficient to warrant a finding that, without the owner's consent, one Hall, with the intent to steal it, took plaintiff's automobile.
3. **Appeal: HARMLESS ERROR.** The admission of incompetent evidence which does not prejudice the complaining party is harmless error.

APPEAL from the district court for Cheyenne county: J. LEONARD TEWELL, JUDGE. *Affirmed.*

*Richard F. Stout* and *McIntosh & Martin*, for appellant.

*Radcliffe & Hyde* and *W. K. Hodgkin*, contra.

Heard before MORRISSEY, C. J., ROSE, GOOD and THOMPSON, JJ., REDICK and SHEPHERD, District Judges.

GOOD, J.

Action to recover on a policy of insurance, insuring plaintiff against loss of his automobile by theft. Defendant denied loss of the car by theft, and alleged that it had been delivered by plaintiff, under a contract of sale, to J. B. Hall, and that the failure of Hall to return the automobile or pay for it created no liability under the policy. Plaintiff denied the affirmative allegations of the answer. A trial of the issues resulted in a verdict for plaintiff. From a judgment thereon, defendant appeals.

Defendant assails the verdict as not sustained by sufficient evidence, and as being contrary to law and contrary to the

court's instructions, and also alleges error in receiving certain evidence over objection.

Plaintiff, a farmer, lived at Gurley, Cheyenne county, Nebraska. In July, 1921, he became acquainted with and engaged J. B. Hall to work for him for about two weeks. At that time plaintiff owned an Auburn car, covered by the insurance policy upon which this action is founded. Hall represented that he possessed a considerable estate in the hands of his guardian, from whom he would soon receive about $30,000 in cash. He made overtures to the plaintiff for the purchase of his car, and the price of $1,400 was agreed upon. Hall went, or claimed that he went, to Smith Center, Kansas, to meet his guardian and to receive the $30,000. He came back, so far as disclosed by the record, without receiving any money. Apparently, the talk of Hall's purchasing the car was dropped. Hall then went to work for a Mr. Filben, one of plaintiff's neighbors, and on a few occasions borrowed and used plaintiff's car. Some time about the 20th of August he stated to plaintiff that he wanted to, or would, take plaintiff's car on Monday, the 22d of August, for the purpose of taking Miss Filben, his employer's daughter, and another lady to some point a few stations distant, along the line of the railroad. Plaintiff says that he neither consented nor refused consent to the use of the car. Hall did not go on Monday, but did go on the following day and took the car, when plaintiff was absent, and, with his employer's son and daughter and another lady, drove away. The next day he sent a telegraphic message to plaintiff from North Platte, Nebraska, saying that he would be back with the car in a few days. Hall and his companions proceeded to Heartwell, in Kearney county, Nebraska, and there stopped for a few days, and Hall announced to the other members of the party that he was going to drive to Smith Center, Kansas. Young Filben suggested going with him, but Hall put him off by saying that he might be gone overnight. He left Heartwell with the car ostensibly for Smith Center, since which time neither Hall nor the car has been seen or heard from by

plaintiff. Filbin and his sister waited three or four days for Hall, and then returned to Gurley by train and reported the facts to plaintiff. Plaintiff thereupon notified the local agent of the insurance company and wired the sheriff at Smith Center, Kansas, giving a description of Hall and the car, but never received any information concerning either one. Plaintiff's theory is that it was Hall's intention, when he took the car on the 23d of August, to steal and appropriate it to his own use, and it was upon this theory that the case was submitted to the jury.

Defendant's contention that the automobile was delivered to Hall under a contract of purchase is not sustained by the evidence. The jury were instructed that, unless they found from the evidence that when Hall took the car on the 23d of August he had the intent to steal it, plaintiff could not recover. Defendant argues that the verdict is contrary to this instruction and to the law.

The facts proved are sufficient to indicate and warrant a finding that Hall from the start was playing a confidence game to get possession of the car. He borrowed it two or three times for short trips and returned it. This would tend to inspire confidence in his honesty. His statement that a large sum of money was due him from his guardian was no doubt made for the purpose of creating the impression that he possessed considerable property and was financially responsible. The fact that when he took the car he also took with him three reputable young people in the neighborhood would tend to dispel any thought of a felonious purpose in taking the car, and the sending of the telegram from North Platte would tend to allay any suspicion of a felonious purpose for a period of several days. Taking all the facts proved, we think the jury were justified in finding that Hall took plaintiff's car with intent to steal it.

Defendant complains of the admission of the evidence of one Smith as to the value of the car, on the ground that no sufficient foundation was laid. The evidence respecting Smith's competency to testify was rather meager, but we think it was sufficient to make his evidence competent to

go to the jury and for the jury to determine its weight. In any event, the evidence was not prejudicial to the defendant. The evidence of plaintiff was to the effect that the car was worth $1,400 or $1,500, and this was not controverted. There was no other evidence as to the value of the car. The amount of insurance was $1,000. If Smith's testimony had been eliminated the jury would not have been justified in finding the car to be of less value than $1,400. The admission of incompetent evidence, unless prejudicial to the complaining party, is not cause for reversal.

Defendant argues that, if the car was, in fact, stolen, possession thereof was gained by trick or artifice, and that it was necessary, to entitle plaintiff to recover, to allege the fraud or artifice. The proposition finds some support in the authorities. It is our opinion, however, that it was sufficient for plaintiff to allege the ultimate fact that his car was stolen, and that it was unnecessary to allege the means by which the thief obtained possession of the car. However that may be, the evidence fairly shows that plaintiff did not consent to Hall's taking the car. Hall never asked for or obtained permission to take the car on the 23d of August. He took it without the owner's knowledge or consent. The proof supports the allegations of the petition.

We find no prejudicial error. Judgment

AFFIRMED.